RICHARD E. ZUCKERMAN
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL

MAHANA K. WEIDLER (MD BAR)
TRIAL ATTORNEY, TAX DIVISION
U.S. DEPARTMENT OF JUSTICE
P.O. BOX 683, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044-0683
TEL.:  (202) 616-1955
FAX:  (202) 307-0054
EMAIL: *mahana.k.weidler@usdoj.gov*

*Of Counsel:*
ADAM L. BRAVERMAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF CALIFORNIA

*Counsel for the United States of America*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CYNTHIA LOZANO, dba CLozano Income Tax,<br><br>        Defendant. | Case No. __'18CV1487 BEN NLS__ |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF PURSUANT TO 26 U.S.C. §§ 7402(a), 7407 AND 7408**

The United States of America seeks a permanent injunction pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408 against Cynthia Lozano, individually, and doing business as "CLozano Income Tax," and anyone in active concert or participation with her. The United States of America states as follows:

1.      Lozano has been a tax-return preparer, as defined by 26 U.S.C. § 7701(a)(36), since at least 2008.

2.      Between 2008 and until at least 2012 Lozano operated her tax-return-preparation business through CLozano Income Tax, located at 566 Paraiso Avenue, Suite B, in Spring Valley, California.

3.      Lozano identifies herself with a Preparer Tax Identification Number ("PTIN") she obtained from the IRS in 2007.

4.      Lozano files tax returns by sending completed tax forms and utilizing an Electronic Filer Identification Number ("EFIN") she obtained from the IRS in 2007.

5.      While operating as CLozano Income Tax, Lozano also owned and operated several other small businesses that are relevant to this matter. Among these businesses are: Slim Body for Me (located at 3596 National Avenue, in San Diego, California); Exact Tree Trimmings and Landscape

2

(located at 566 Paraiso Avenue, Suite B, in Spring Valley, California); and Spring Valley Nutrition Store (a.k.a., My Kids Nutrition Store) (located at 566 Paraiso Avenue, Suite B, in Spring Valley, California), a store that accepts checks from the Woman, Infants and Children (WIC) Supplemental Nutrition Program (a.k.a., a WIC Store).

6.     Lozano acquires some of her tax-preparation clients through her other businesses.  In some cases, Lozano illegally or inappropriately obtains these clients' personal information when she does other types of business with them.

7.     Lozano has filed numerous federal income tax returns on behalf of her tax-preparation clients that contain false information.  She has also filed federal tax returns with stolen and/or improperly obtained identity information.  With both types of returns (fraudulently prepared on behalf of her tax-preparation-clients and fraudulently prepared using stolen personal information), she has directed taxpayer refund checks or portions of the refund checks to be electronically deposited into various bank accounts titled in her name.

8.     From 2008 through 2012, Lozano prepared over 600 tax returns for approximately 337 taxpayers. These returns resulted in a total of approximately $2,611,076 in tax refunds.

9.     On April 12, 2013, a grand jury in the Southern District of California charged Lozano with thirteen counts of False Claims, twelve counts of Wire Fraud, one count of Mail Fraud, and seven counts of Aggravated Identity Theft ("2013 Indictment") (U.S. Dist. Ct., S.D. Cal., Case No. 13CR1354-AJB).

10.     On February 13, 2015 and August 31, 2016, Lozano pled guilty to all counts of the 2013 Indictment.

11.     The thirteen False Claims to which Lozano pled guilty arise from fraudulent claims which Lozano made against the United States for payment of the Earned Income Credit ("EIC"). EIC is a refundable federal income tax credit for low to moderate income working individuals and families that is intended to offset the burden of Social Security taxes and to provide individuals with an incentive to work.

12.     The twelve counts of Wire Fraud to which Lozano pled guilty arise from Lozano's unauthorized use of names and Social Security numbers of other persons to create fraudulent federal tax returns that

4

falsely represented the taxpayers' income, dependents, and business losses. Lozano filed over 400 false tax returns in the names of over 200 taxpayers, and defrauded the United States out of over $1 million in tax refunds and EICs.

13.     The seven counts of Aggravated Identity Theft to which Lozano pled guilty arise from Lozano's unauthorized transfer, possession, and use of other persons' Social Security numbers.

14.     In June 2015, while Lozano was on bail and awaiting sentencing, agents from the Internal Revenue Service - Criminal Investigations ("IRS-CI") and Department of Treasury, Inspector General for Tax Administration ("TIGTA") discovered that Lozano filed additional federal tax returns in a manner similar to her previous scheme.

15.     On July 22, 2016, Lozano was charged in a second indictment with one count of conspiracy, fourteen counts of False Claims, two counts of Wire Fraud, twelve counts of Mail Fraud, eight counts of Theft of Government Property, and fourteen counts of Aggravated Identity Theft ("Superseding Indictment") (U.S. Dist. Ct., S.D. Cal., Case No. 16CR1332-AJB).

16.     On November 15, 2016, Lozano pled guilty to all counts of the Superseding Indictment.

17.     The fourteen counts of False Claims to which Lozano pled guilty arise from fraudulent claims which Lozano made against the United States for payment of the EIC.

18.     The two counts of Wire Fraud to which Lozano pled guilty arise from Lozano's unauthorized use of names and Social Security numbers of other persons to create fraudulent federal tax returns that falsely represented the taxpayers' income, dependents, and business losses. Lozano filed false returns in the names of over 60 taxpayers, and defrauded the United States out of over $150,000 in tax refunds and EICs.

19.     The seven counts of Aggravated Identity Theft to which Lozano pled guilty arise from Lozano's unauthorized transfer, possession, and use of other persons' Social Security numbers.

20.     On July 20, 2017, in relation to the August and November 2016 guilty pleas described above, Lozano was sentenced to and is currently serving five concurrent 57-month, 24-month, 70-month, 60-month, and 24-month imprisonment sentences at the Western Region, Victorville Federal

Correctional Center. Lozano is also sentenced to three years of probation upon release from imprisonment.

21.     The United States brings this complaint pursuant to sections 7402 and 7408 of the Internal Revenue Code, to enjoin Lozano, and anyone in active concert with her, from:

   a.     Acting as a federal tax return preparer or requesting, assisting in or directing the preparation and/or filing of federal tax returns for any person or entity other than herself;

   b.     Appearing as a representative on behalf of any person or organization, other than herself, whose tax liabilities are under examination or investigation by the Internal Revenue Service;

   c.     Instructing or advising customers, or assisting in the instruction or advice to customers, to understate their federal tax liabilities;

   d.     Preparing or assisting in preparing or filing federal tax returns, amended returns, or other related documents or forms that he/she knows or reasonably should know will result in an understatement of federal tax liability or

the overstatement of federal tax refunds as prohibited by
26 U.S.C. § 6694;

e. Engaging in any activity subject to penalty under 26
U.S.C. § 6695, including failing to furnish tax returns to
taxpayers and endorsing or otherwise receiving tax
refund checks belonging to anyone other than herself;

f. Engaging in any activity subject to penalty under 26
U.S.C. § 6701, including preparing or assisting in the
preparation of a document related to a matter material to
the internal revenue laws that includes a position that she
knows would result in an understatement of another
person's tax liability;

g. Obtaining, using or retaining any other person's
Social Security number or other federal tax identification
number or federal tax return information in any way for
any purpose without that person's express written
consent; and

h. Engaging in any other conduct that substantially
interferes with the proper administration and
enforcement of the internal revenue laws of the United
States, including the conduct described in this complaint.

## JURISDICTION AND VENUE

22.     This civil action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General of the United States, pursuant to the provisions of 26 U.S.C. §§ 7402(a) and 7407.

23.     Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7401, 7402(a), 7407 and 7408.

24.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the actions giving rise to this suit took place within this judicial district.

## THE DEFENDANT'S ACTIVITIES

### I.     Lozano's fraudulent claims of Earned-Income Tax Credits and bogus tax deductions

25.     The Earned Income Credit ("EIC") is a refundable federal income tax credit for low income to moderate income working individuals and families that is intended to offset the burden of social security taxes and to provide an incentive to work. If a taxpayer's EIC exceeds the amount of taxes actually owed, it results in the IRS paying a refund to the taxpayer who claims and qualifies for the credit.

26.     Taxpayers are permitted to deduct certain legitimate expenses from their federal tax returns, thereby lowering their tax burden. For example, taxpayers who operate legitimate businesses may deduct from their gross income certain legitimate business expenses. Taxpayers who actually incur certain educational and medical expenses may also be able to offset their taxes with these expenses, and taxpayers with dependents may be able to claim those dependents on their tax returns, thereby reducing their overall tax obligations.

27.     In August and November 2016, Lozano pled guilty to making claims against the United States for payment of tax refunds and EIC, in the amounts provided below, for the tax years provided below, which she knew to be false, fictitious and fraudulent:[1]

| Date | Taxpayer | Tax Year | Claim Amount |
|------|----------|----------|--------------|
| 1/19/2010 | J.P. | 2008 | $3,524 |
| 1/26/2010 | J.P. | 2009 | $4,934 |
| 1/17/2012 | J.P. | 2011 | $4,944 |
| 1/30/2013 | J.P. | 2012 | $5,068 |
| 1/17/2012 | M.Z. | 2011 | $5,583 |
| 1/30/2013 | M.Z. | 2012 | $5,071 |
| 1/27/2012 | Y.M. | 2011 | $4,944 |

[1] *See United States v. Cynthia Lozano*, 13-cr-1354 (U.S. Dist. Ct., S.D. Cal.) at Docket Entry Nos. 1 and 132; s*ee also United States v. Lozano, et al.*, 16-cr-1332 (U.S. Dist. Ct., S.D. Cal.) at Docket Entry Nos. 27 and 76.

| Date | Taxpayer | Tax Year | Claim Amount |
|------|----------|----------|--------------|
| 2/16/2010 | M.M. | 2009 | $5,445 |
| 2/28/2011 | M.M. | 2010 | $4,960 |
| 2/11/2012 | M.M. | 2011 | $4,944 |
| 1/28/2011 | C.R. | 2010 | $5,589 |
| 1/17/2012 | C.R. | 2011 | $5,592 |
| 3/3/2012 | S.F. | 2011 | $12,834 |
| 1/13/2015 | L.R. | 2014 | $5,659 |
| 1/13/2015 | T.F. | 2014 | $4,981 |
| 1/17/2015 | T.F. | 2013 | $4,893 |
| 1/17/2015 | T.F. | 2012 | $5,050 |
| 1/17/2015 | T.F. | 2011 | $4,926 |
| 1/20/2015 | L.R. | 2013 | $5,562 |
| 2/2/2015 | C.V. | 2012 | $5,714 |
| 2/2/2015 | C.V. | 2013 | $5,562 |
| 2/2/2015 | C.V. | 2011 | $5,574 |
| 3/9/2015 | A.F. | 2013 | $4,653 |
| 3/10/2015 | A.F. | 2012 | $5,314 |
| 3/10/2015 | A.F. | 2011 | $5,009 |
| 3/10/2015 | A.F. | 2014 | $4,651 |
| 4/4/2015 | C.V. | 2014 | $5,661 |

## II.   Identity Theft

28.   Lozano also used the names and Social Security numbers of other individuals, without their permission, to create fraudulent federal tax returns that falsely represented the taxpayers' income, dependents, and business losses.

29.   In August and November 2016, Lozano pled guilty to using the names and Social Security numbers of the following individuals without their permission and creating fraudulent federal tax returns that falsely

represented these individuals' income, dependents and/or business expenses:[2]

| Date | Taxpayer | Tax Year |
|---|---|---|
| 1/26/2010 | J.P | 2009 |
| 1/17/2012 | J.P | 2011 |
| 1/30/2013 | J.P | 2012 |
| 1/17/2012 | M.Z. | 2011 |
| 1/30/2013 | M.Z. | 2012 |
| 1/27/2012 | Y.M. | 2011 |
| 2/16/2010 | M.M. | 2009 |
| 2/28/2011 | M.M. | 2010 |
| 2/011/2012 | M.M. | 2011 |
| 1/28/2011 | C.R. | 2010 |
| 1/17/2012 | C.R. | 2011 |
| 3/3/2012 | S.F. | 2011 |
| 1/13/2015 | L.R. | 2014 |
| 1/13/2015 | T.F. | 2014 |
| 1/17/2015 | T.F. | 2013 |
| 1/17/2015 | T.F. | 2012 |
| 1/17/2015 | T.F. | 2011 |
| 1/20/2015 | L.R. | 2013 |
| 2/2/2015 | C.V. | 2012 |
| 2/2/2015 | C.V. | 2013 |
| 2/2/2015 | C.V. | 2011 |
| 3/9/2015 | A.F. | 2013 |
| 3/10/2015 | A.F. | 2012 |
| 3/10/2015 | A.F. | 2011 |
| 3/10/2015 | A.F. | 2014 |
| 4/4/2015 | C.V. | 2014 |

---

[2] *Id.*

12

30.     In addition, Lozano pled guilty to receiving these individuals' tax refund by either U.S. Mail or wire transfer into one of several bank accounts that she controlled.[3]

### HARM CAUSED BY THE DEFENDANT'S MISCONDUCT

31.     Lozano's unlawful tax preparation practices and other acts to obstruct and impede tax administration have resulted in significant lost tax revenues to the United States.  For example, during the 2012 filing season (i.e., filing returns for 2011), the federal income tax returns filed by Lozano netted total refunds of $865,260.  Of that amount, $596,309 went directly to Lozano as the result of the fraudulently obtained refunds to bank accounts that she owned or controlled.  Thus, the known loss to the government for 2012 is $596,309.

32.     In addition to the direct harm that Lozano has caused the United States by preparing tax returns that understate her clients' tax liabilities and overstate their refunds, Lozano's activities undermine public

_____

[3] *Id.*

13

confidence in the administration of the federal tax system and encourage noncompliance with internal revenue laws.

33.    Lozano further harms the government because the IRS must devote its limited resources to identifying Lozano's clients, ascertaining their correct tax liability, recovering any refunds erroneously issued, and collecting any additional taxes and penalties.

34.    Lozano has harmed taxpayers whose returns she prepared because: (1) she prepared and filed some taxpayers' returns without their authorization, using stolen personal information; (2) some of tax-preparation clients paid Lozano to prepare proper tax returns but she prepared returns that fraudulently understated the taxpayers' tax liability; (3) some of Lozano's tax-preparation clients did not receive the full refund to which they were entitled; and (4) some of taxpayers owe money to the government as result of fraudulently prepared returns.

35.    Many of Lozano's clients have been required to undergo audits by the IRS.  They have incurred substantial and unanticipated financial burdens due to outstanding tax liability, in addition to statutory penalties and interest, resulting from Lozano's conduct.

### COUNT I: INJUNCTION UNDER 26 U.S.C. § 7407 FOR ENGAGING IN CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. § 6694

36.     The government incorporates by reference the allegations contained in paragraphs 1 through number 35.

37.     Among other things, 26 U.S.C. § 7407 authorizes a court to enjoin a person from engaging in specified misconduct subject to penalty under 26 U.S.C. § 6694. Section 6694 imposes a penalty on a return preparer who prepares or submits a return or claim that contains a frivolous or unrealistic position, or who willfully attempts to understate a client's tax liability on a return or claim, or who makes an understatement on a return due to reckless or intentional disregard of rules or regulations.  Section 7407 also authorizes injunctive relief against other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

38.     If a return preparer's misconduct is continual or repeated and the court finds that a narrower injunction (i.e., prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from further acting as a return preparer.

39.     Lozano has continually and repeatedly prepared federal tax returns that she knew contained inflated, exaggerated, and fictitious deductions and/or credits.  She has also continually and repeatedly submitted returns that willfully understated her clients' tax liabilities and overstated their refunds. On numerous occasions, Lozano has filed federal tax returns using stolen personal identity information.

40.     Lozano has continued her misconduct despite criminal consequences. Shortly after pleading guilty to crimes relating to her fraudulent tax-preparation activities, and while released on bail and awaiting sentencing, Lozano continued to prepare and file fraudulent tax returns and faced additional charges to which she again pled guilty.

41.     Accordingly, she has engaged in conduct subject to penalty under 26 U.S.C. § 6694, as well as other fraudulent or deceptive conduct within the meaning of 26 U.S.C. § 7407.

42.     Lozano knew or should have known that the returns she prepared for her customers contained claims that she knew or should have known were false and fabricated. There was no realistic possibility of these claims being sustained on the merits, and there was no basis upon which

16

Lozano could have had a reasonable belief that the position would more likely than not be sustained on the merits.

43.     Lozano also knew or should have known that she was preparing and filing returns with stolen personal information.

44.     Injunctive relief is appropriate to prevent the recurrence of this misconduct because, absent an injunction, Lozano is likely to continue to prepare fraudulent federal tax returns and engage in other misconduct of the type described in this complaint.

45.     Lozano should be permanently enjoined under 26 U.S.C. § 7407 from acting as a federal tax return preparer because a more limited injunction would be insufficient to stop her from interfering with the proper administration of the internal revenue laws.

## COUNT II: INJUNCTION UNDER 26 U.S.C. § 7408 FOR ENGAGING IN CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. § 6701

46.     The United States incorporates by reference the allegations contained in paragraphs 1 through 45.

47.     Among other things, 26 U.S.C. § 7408 authorizes a court to enjoin a person from engaging in specified misconduct subject to penalty under 26 U.S.C. § 6701.  Section 6701 imposes a penalty on any person who

aids or assists in, procures, or advises with respect to, the preparation of any portion of a return, affidavit, claim, or other document, who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

48.     Lozano prepared tax returns containing false Schedules C.  The information provided on these schedules lacked corroborative support or any other reasoned basis to include these items in the tax returns she prepared.

49.     Lozano engaged in the above-described conduct with awareness of the falsity of such statements and documents.

50.     Lozano prepared tax returns, and/or assisted in the preparation of such returns and other documents that were intended to be used, and were used, in connection with material matters arising under the federal internal revenue laws.

51.     As a result, Lozano has engaged in conduct subject to penalty under 26 U.S.C. § 6701, and should be permanently enjoined under 26 U.S.C. § 7408 from further engaging in such conduct.

18

52.     Unless enjoined by this Court, Lozano is likely to continue to prepare tax returns containing false and fraudulent information, including improper deductions and credits, resulting in further understatements of her clients' tax liability.  Injunctive relief is thus appropriate to prevent the recurrence of Lozano's misconduct.

## COUNT III: INJUNCTION UNDER 26 U.S.C. § 7402(a) AS NECESSARY TO ENFORCE THE INTERNAL REVENUE LAWS

53.     The United States incorporates by reference the allegations contained in paragraphs 1 through 52.

54.     Section 7402(a) of the Internal Revenue Code authorizes a district court to issue such orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

55.     Lozano, through the actions described above, has engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

56.     As a result of Lozano's misconduct, improper tax returns have been filed, understating her clients' liabilities, and erroneous refunds have

been issued by the IRS. Furthermore, numerous taxpayers have unknowingly had federal tax returns filed on their behalf by Lozano.

57.    Lozano's conduct results in irreparable harm to the United States and to the public for which there is no adequate remedy at law. It is administratively unfeasible (and in many cases, too late) for the IRS to audit all of the returns Lozano has prepared over the years and to assert deficiencies in income tax, much less collect all of the unpaid taxes and recover all of the undeserved refunds.

58.    Lozano's conduct interferes with the proper administration of the Internal Revenue Code.

59.    Unless enjoined by this Court, Lozano is likely to continue to engage in illegal conduct, as described above. Lozano, if not enjoined, is likely not only to continue to violate 26 U.S.C. § 6701, but also to engage in other conduct that substantially interferes with the enforcement of the internal revenue laws.

60.    The substantial harm caused to the public and the United States by Lozano's misconduct outweighs the hardship to the defendant of being enjoined.

61.     Enjoining Lozano is in the public interest because an injunction, backed by the Court's contempt powers if needed, will stop Lozano's fraudulent activities and illegal conduct, and the harm that such actions cause the United States and its citizens.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A.     That this Court find that Lozano has continually or repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6701 and that injunctive relief is appropriate under 26 U.S.C. §§ 7402(a), 7407, and 7408 to bar Lozano from acting as a tax-return preparer and from engaging in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6701;

B.     That the Court find that Lozano has engaged in conduct that substantially interferes with the enforcement and administration of the internal revenue laws, and that injunctive relief against her is appropriate to prevent the recurrence of that misconduct pursuant to 26 U.S.C. § 7407(b) and § 7402(a);

C.     That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407 and 7408, enter an order against Lozano, individually and doing business as "CLozano Income Tax," permanently enjoining her from directly or indirectly:

1. Acting as a federal tax return preparer or requesting, assisting in or directing the preparation and/or filing of federal tax returns for any person or entity other than herself;

2. Appearing as a representative on behalf of any person or organization, other than herself, whose tax liabilities are under examination or investigation by the Internal Revenue Service;

3. Instructing or advising customers, or assisting in the instruction or advice to customers, to understate their federal tax liabilities;

4. Preparing or assisting in preparing or filing federal tax returns, amended returns, or other related documents or forms that he/she knows or reasonably should know will result in an understatement of federal tax liability or the overstatement of federal tax refunds as prohibited by 26 U.S.C. § 6694;

5. Engaging in any activity subject to penalty under 26 U.S.C. § 6695, including failing to furnish tax returns to taxpayers and endorsing or otherwise receiving tax refund checks belonging to anyone other than herself;

6. Engaging in any activity subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position that she knows would result in an understatement of another person's tax liability;

7. Obtaining, using or retaining any other person's Social Security number or other federal tax identification number or federal tax return information in any way for any purpose without that person's express written consent; and

8. Engaging in any other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws of the United States.

D.    That the Court, pursuant to 26 U.S.C. §§ 7402(a) and 7407, enter an injunction requiring Lozano, within 30 days of entry of the injunction, contact by United States mail and, if an e-mail address is known, by e-mail, all persons for whom she prepared a federal tax return since January 1, 2008, to inform them of the permanent injunction entered against her, including sending a copy of the order of permanent injunction but not enclosing any other documents or enclosures unless agreed to by counsel for the United States or approved by the Court, and file with the Court a sworn certificate stating that she has complied with this requirement;

23

1    E.    That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408,

2    enter an order requiring Lozano to produce to counsel for the United

3    States, within 30 days of the Court's order, a list that identifies by name,

4    Social Security number, address, e-mail address, telephone number, and

5    tax period(s) all persons for whom she prepared federal tax returns or

6    claims for a refund for tax years 2008 through the present;

7    F.    That the Court enter an order that Lozano is prohibited from

8    owning, controlling, or managing any business involving tax return

9    preparation and/or the provision of tax advice, or maintaining a

10   professional presence in any premises, whether an office, place of business,

11   dwelling, or other abode, where tax returns are being prepared for a fee or

12   professional tax services are being provided;

13   G.    That this Court permit the United States to conduct post-

14   judgment discovery to ensure Lozano's compliance with the permanent

15   injunction;

16   H.    That this Court retain jurisdiction over Lozano and over this

17   action to enforce any injunction entered against her; and

18   I.    That this Court grant the United States such other and further

19   relief, including costs, as the Court deems just and appropriate.

24

Respectfully submitted this 28th day of June, 2018.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney
General


/s/ *Mahana K. Weidler*
MAHANA K. WEIDLER
TRIAL ATTORNEY, TAX DIVISION
U.S. DEPARTMENT OF JUSTICE


*OF COUNSEL:*
ADAM L. BRAVERMAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF CALIFORNIA


*Counsel for the United States of America*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| The United States of America | Cynthia Lozano |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   San Bernardino |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Mahana K. Weidler (U.S. Dept. of Justice - Tax Division)
555 4th Street, NW, RM 7220, Washington, D.C. 20001
Ph. (202) 616-1955

Attorneys *(If Known)*

'18CV1487 BEN NLS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
    Plaintiff

☐ 2   U.S. Government
    Defendant

☐ 3   Federal Question
    *(U.S. Government Not a Party)*

☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                 *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - |   of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |   Product Liability | ☐ 690 Other |   28 USC 157 |   3729(a)) |
| ☐ 140 Negotiable Instrument |   Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|   & Enforcement of Judgment |   Slander |   Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |   Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|   Student Loans | ☐ 340 Marine |   Injury Product | |   New Drug Application | ☐ 470 Racketeer Influenced and |
|   (Excludes Veterans) | ☐ 345 Marine Product |   Liability | | ☐ 840 Trademark |   Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |   Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |   Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |   Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |   Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |   Property Damage |   Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |   Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |   Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |   Medical Malpractice | |   Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |   Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☒ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |   Income Security Act |   or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |   Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |   Sentence | |   26 USC 7609 |   Agency Decision |
| ☐ 245 Tort Product Liability |   Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |   State Statutes |
| |   Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |   Other | ☐ 550 Civil Rights |   Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |   Conditions of | | | |
| | |   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
    Proceeding

☐ 2   Removed from
    State Court

☐ 3   Remanded from
    Appellate Court

☐ 4   Reinstated or
    Reopened

☐ 5   Transferred from
    Another District
    *(specify)*

☐ 6   Multidistrict
    Litigation -
    Transfer

☐ 8   Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7402(a), 7407, and 7408
Brief description of cause:
Request for permanent injunction pursuant to 26 U.S.C. § 7402(a), 7407, and 7408

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/28/2018 | /s/ Mahana K. Weidler |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

[ Print ]  [ Save As... ]  [ Reset ]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.