# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>CYNTHIA LOZANO, dba CLozano Income Tax,<br><br>                                    Defendant. | Case No.: 18-cv-1487-AJB-NLS<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>(Doc. No. 9) |

Presently before the Court is the United States' motion for default judgment and permanent injunction against Cynthia Lozano. (Doc. No. 9.) For the reasons stated below, the motion is **GRANTED** and judgment shall be entered in favor of the United States and against Lozano.

## **FINDINGS OF FACT**

The United States filed this suit under Internal Revenue Code (26 U.S.C.) §§ 7402, 7407, and 7408 to enjoin Lozano from preparing federal income tax returns and pursuing any other conduct prejudicial to the administration of the federal tax system. (Doc. No. 1.) On November 13, 2018, the Clerk of Court entered default against Lozano for her failure to file an answer or otherwise respond to the complaint. (Doc. No. 6.) Thus, Lozano is

deemed to have admitted all of the well-pled allegations of the complaint. Accordingly, the Court makes the following findings of fact:

1. Lozano has been a tax-return preparer as defined by 26 U.S.C. § 7701(a)(36) since at least 2008. (Doc. No. 1 ¶ 1.) From 2008 and until at least 2012 Lozano operated her tax return preparation business through CLozano Income Tax, located at 566 Parasio Avenue, Suite B in Spring Valley, California. (*Id.* ¶ 2.)

2. Lozano obtained a Preparer Tax Identification Number from the IRS in 2007. (*Id.* ¶ 3.) She files tax returns by transmitting completed tax forms using an Electronic Filer Identification Number that she obtained from the IRS in 2007. (*Id.* ¶ 4.)

3. Lozano also owned and operated several other businesses: Slim Body for Me (located at 3596 National Avenue, in San Diego, California); Exact Tree Trimmings and Landscape (located at 566 Paraiso Avenue, Suite B, in Spring Valley, California); and Spring Valley Nutrition Store (a.k.a., My Kids Nutrition Store) (located at 566 Paraiso Avenue, Suite B, in Spring Valley, California), a store that accepts checks from the Woman, Infants and Children (WIC) Supplemental Nutrition Program (a.k.a., a WIC Store). (*Id.* ¶ 5.)

4. Lozano acquires some of her tax-preparation clients through her other businesses. (*Id.* ¶ 6.) In some cases, Lozano illegally or inappropriately obtains these clients' personal information when she does other types of business with them. (*Id.*)

5. Lozano filed numerous federal income tax returns on behalf of her tax-preparation clients that contain false information. (*Id.* ¶ 7.) She also filed federal tax returns with stolen and/or improperly obtained identity information. (*Id.*) With both types of returns (fraudulently prepared on behalf of her tax-preparation-clients and fraudulently prepared using stolen personal information), she has directed taxpayer refund checks or portions of the refund checks to be electronically deposited into various bank accounts titled in her name. (*Id.*)

2

18-cv-1487-AJB-NLS

6. From 2008 through 2012, Lozano prepared over 600 tax returns for approximately 337 taxpayers. (*Id.* ¶ 8.) These returns resulted in a total of approximately $2,611,076 in tax refunds. (*Id.*)

7. On April 12, 2013, a grand jury in the Southern District of California charged Lozano with thirteen counts of False Claims, twelve counts of Wire Fraud, one count of Mail Fraud, and seven counts of Aggravated Identity Theft ("2013 Indictment") (Case No. 13-CR-1354-AJB). (*Id.* ¶ 9.) On February 13, 2015 and August 31, 2016, Lozano pled guilty to all counts of the 2013 Indictment. (*Id.* ¶ 10.)

8. The thirteen False Claims to which Lozano pled guilty arise from fraudulent claims which Lozano made against the United States for payment of the Earned Income Credit ("EIC"). (*Id.* ¶ 11.) EIC is a refundable federal income tax credit for low to moderate income working individuals and families that is intended to offset the burden of Social Security taxes and to provide individuals with an incentive to work. (*Id.*)

9. The twelve counts of Wire Fraud to which Lozano pled guilty arise from Lozano's unauthorized use of names and Social Security numbers of other persons to create fraudulent federal tax returns that falsely represented the taxpayers' income, dependents, and business losses. (*Id.* ¶ 12.) Lozano filed over 400 false tax returns in the names of over 200 taxpayers, and defrauded the United States out of over $1 million in tax refunds and EICs. (*Id.*)

10. The seven counts of Aggravated Identity Theft to which Lozano pled guilty arise from Lozano's unauthorized transfer, possession, and use of other persons' Social Security numbers. (*Id.* ¶ 13.)

11. In June 2015, while Lozano was on bail and awaiting sentencing, agents from the Internal Revenue Service – Criminal Investigations and Department of Treasury, Inspector General for Tax Administration discovered that Lozano filed additional federal tax returns in a manner similar to her previous scheme. (*Id.* ¶ 14.) On July 22, 2016, Lozano was charged in a second indictment with one count of conspiracy, fourteen counts of False Claims, two counts of Wire Fraud, twelve counts of Mail Fraud,

eight counts of Theft of Government Property, and fourteen counts of Aggravated Identity Theft (Case No. 16-CR-1332-AJB) ("Superseding Indictment"). (*Id.* ¶ 15.) On November 15, 2016, Lozano pled guilty to all counts of the Superseding Indictment. (*Id.* ¶ 16.)

12. The fourteen counts of False Claims Lozano pled guilty to arose from fraudulent claims which Lozano made against the United States for payment of the EIC. (*Id.* ¶ 17.) The two counts of Wire Fraud arose from Lozano's unauthorized use of names and Social Security numbers of other persons to create fraudulent federal tax returns that falsely represented the taxpayers' income, dependents, and business losses. (*Id.* ¶ 18.) Lozano filed false returns in the names of over 60 taxpayers, and defrauded the United States out of over $150,000 in tax refunds and EICs. (*Id.*) The seven counts of Aggravated Identity Theft arose from Lozano's unauthorized transfer, possession, and use of other persons' Social Security numbers. (*Id.* ¶ 19.)

13. On July 20, 2017, in relation to the August and November 2016 guilty pleas, Lozano was sentenced to and is currently serving five concurrent 57-month, 24-month, 70-month, 60-month and 24-month imprisonment sentences at the Western Region, Victorville Federal Correctional Center. (*Id.* ¶ 20.) Lozano was also sentenced to three years of probation upon release from imprisonment. (*Id.*)

14. The table below outlines the claims against the United States for payment of tax refunds and EIC that Lozano pled guilty to in August and November 2016 (*Id.* ¶ 27):

| Date | Taxpayer | Tax Year | Claim Amount |
|---|---|---|---|
| 1/19/2010 | J.P. | 2008 | $3,524 |
| 1/26/2010 | J.P. | 2009 | $4,934 |
| 1/17/2012 | J.P. | 2011 | $4,944 |
| 1/30/2013 | J.P. | 2012 | $5,068 |
| 1/17/2012 | M.Z. | 2011 | $5,583 |
| 1/30/2013 | M.Z. | 2012 | $5,071 |

| Date | Name | Year | Amount |
|---|---|---|---|
| 1/27/2012 | Y.M. | 2011 | $4,944 |
| 2/16/2010 | M.M. | 2009 | $5,445 |
| 2/28/2011 | M.M. | 2010 | $4,960 |
| 2/11/2012 | M.M. | 2011 | $4,944 |
| 1/28/2011 | C.R. | 2010 | $5,589 |
| 1/17/2012 | C.R. | 2011 | $5,592 |
| 3/3/2012 | S.F. | 2011 | $12,834 |
| 1/13/2015 | L.R. | 2014 | $5,659 |
| 1/13/2015 | T.F. | 2014 | $4,981 |
| 1/17/2015 | T.F. | 2013 | $4,893 |
| 1/17/2015 | T.F. | 2012 | $5,050 |
| 1/17/2015 | T.F. | 2011 | $4,926 |
| 1/20/2015 | L.R. | 2013 | $5,562 |
| 2/2/2015 | C.V. | 2012 | $5,714 |
| 2/2/2015 | C.V. | 2013 | $5,562 |
| 2/2/2015 | C.V. | 2011 | $5,574 |
| 3/9/2015 | A.F. | 2013 | $4,653 |
| 3/10/2015 | A.F. | 2012 | $5,314 |
| 3/10/2015 | A.F. | 2011 | $5,009 |
| 3/10/2015 | A.F. | 2014 | $4,651 |
| 4/4/2015 | C.V. | 2014 | $5,661 |

15. The table below outlines the names and Social Security numbers of the following individuals Lozano used without their permission and created fraudulent tax returns that falsely represented these individuals' income, dependents and/or business expenses (*Id.* ¶ 29):

| Date | Taxpayer | Tax Year |
|------|----------|----------|
| 1/26/2010 | J.P. | 2009 |
| 1/17/2012 | J.P. | 2011 |
| 1/30/2013 | J.P. | 2012 |
| 1/17/2012 | M.Z. | 2011 |
| 1/30/2013 | M.Z. | 2012 |
| 1/27/2012 | Y.M. | 2011 |
| 2/16/2010 | M.M. | 2009 |
| 2/28/2011 | M.M. | 2010 |
| 2/11/2012 | M.M. | 2011 |
| 1/28/2011 | C.R. | 2010 |
| 1/17/2012 | C.R. | 2011 |
| 3/3/2012 | S.F. | 2011 |
| 1/13/2015 | L.R. | 2014 |
| 1/13/2015 | T.F. | 2014 |
| 1/17/2015 | T.F. | 2013 |
| 1/17/2015 | T.F. | 2012 |
| 1/17/2015 | T.F. | 2011 |
| 1/20/2015 | L.R. | 2013 |
| 2/2/2015 | C.V. | 2012 |
| 2/2/2015 | C.V. | 2013 |
| 2/2/2015 | C.V. | 2011 |
| 3/9/2015 | A.F. | 2013 |
| 3/10/2015 | A.F. | 2012 |
| 3/10/2015 | A.F. | 2011 |
| 3/10/2015 | A.F. | 2014 |
| 4/4/2015 | C.V. | 2014 |

16. Lozano also pled guilty to receiving these individuals' tax refund by either U.S. Mail or wire transfer into one of several bank accounts that she controlled. (*Id.* ¶ 30.)

## **CONCLUSIONS OF LAW**

A. Default Judgment

    i. *Legal Standard*

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors, commonly referred to as the *Eitel* factors: (1) "the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citation omitted).

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), *superseded by statute on other grounds*, Pub. L. No. 100-702, 102 Stat. 4669.

    ii. *Possibility of Prejudice to the Plaintiff*

There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse. *See PepsiCo Inc. v. Cal. Sec. Cans*, 238

F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an injunction, Lozano may continue to prepare fraudulent returns, which results in harm to the United States and to her clients. Her clients will not receive refunds to which they are entitled. Her clients are also harmed as they may have to pay substantial interest and penalties if the IRS detects the fraud and disallows the claims after an audit. Thus, there is a strong possibility of prejudice to plaintiff.

      iii.    *Substantive Merits and Sufficiency of Claim*

Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175.

Here, the United States seeks to permanently enjoin Lozano from directly or indirectly:

> (1) acting as a federal tax return preparer or requesting, assisting in or directing the preparation and/or filing of federal tax returns for any person or entity other than herself;
>
> (2) appearing as a representative on behalf of any person or organization, other than herself, whose tax liabilities are under examination or investigation by the IRS;
>
> (3) instructing or advising customers, or assisting in the instruction or advice to customers, to understate their federal tax liabilities;
>
> (4) preparing or assisting in preparing or filing federal tax returns, amended returns, or other related documents or forms that he/she knows or reasonably should know will result in an understatement of federal tax liability or the overstatement of federal tax refunds as prohibited by 26 U.S.C. § 6694;
>
> (5) engaging in any activity subject to penalty under 26 U.S.C. § 6695, including failing to furnish tax returns to taxpayers and endorsing or otherwise receiving tax refund checks belonging to anyone other than herself;

> (6) engaging in any activity subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position that she knows would result in an understatement of another person's tax liability;
>
> (7) obtaining, using or retaining any other person's Social Security number or other federal tax identification number or federal tax return information in any way for any purpose without that person's express written consent; and
>
> (8) engaging in any other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws of the United States.

(Doc. No. 1 at 22–23.)

Under 26 U.S.C. § 7407(a), the United States may seek "to enjoin any person who is a tax return preparer from further engaging in any conduct described in subsection (b) or from further acting as a tax return preparer." Section 7407(b)(1) identifies four categories of preparer misconduct: (A) engag[ing] in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by this title, (B) misrepresent[ing] his eligibility to practice before the IRS, or otherwise misrepresent[ing] his experience or education as a tax return preparer, (C) guarantee[ing] the payment of any tax refund or the allowance of any tax credit, or (D) engag[ing] in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws.

The Court can enter an injunction to prevent recurrence of such conduct. 26 U.S.C. § 7407(b). Further, if the preparer "has continually or repeatedly engaged in" the types of misconduct set forth in the statute and "an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title," the Court may enter an injunction preventing the person from preparing returns altogether. *Id.*; *see also* 26 U.S.C. § 7402(a). Here, it is clearly established that Lozano has repeatedly engaged in the conduct subject to penalty. Lozano even continued conduct

despite criminal consequences. Lozano pled guilty and has been criminally convicted for fraudulent acts and substantial interference with the proper administration of the Internal Revenue laws. Shortly after pleading guilty and while released on bail and awaiting sentencing, Lozano continued to prepare and file fraudulent tax returns and faced additional charges to which she pled guilty. (Doc. No. 1 ¶ 40.)

      iv.   *Amount of Money at Issue*

The fourth *Eitel* factor is the amount of money at issue in the action. The United States is not seeking any damages, but rather seeking to enjoin Lozano from acting as a tax-return preparer. "[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This factor "weighs in favor of a default judgment" where, "there is no money at stake in an action and only permanent injunctive relief is sought." U.S. v. *McIntyre*, 715 F. Supp. 2d 1103, 1008 (C.D. Cal. 2010) ; *see also United States v. Barnes*, No. CV 14-05621 SJO(PLAx), 2015 WL 2386190 (C.D. Cal. Apr. 3, 2015).

      v.   *Possibility of Dispute*

The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 117. Here, Plaintiff has alleged sufficient facts to support its claims as analyzed above. Defendant failed to rebut them. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against Defendant.

      vi.   *Excusable Neglect*

Lozano was personally served with a summons and copy of the Complaint by the United States Marshal at a federal correctional institution. Where a defendant has received a copy of the complaint, the possibility of excusable neglect is remote. *Elektra Entertainment Grp., Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005); *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). There is no indication of excusable neglect.

vii. *Policy Favoring Decision on the Merits*

Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Lozano has failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id.*

Accordingly, based on the above, the United States request for default judgment is entirely appropriate.

B. <u>Request for Permanent Injunction</u>

The United States seeks injunctive relief under 26 U.S.C. §§ 7407, 7408, and 7402.

i. *26 U.S.C. § 7407*

Under 26 U.S.C. § 7407, the Court must determine that the tax-return preparer has engaged in conduct subject to civil penalty under 26 U.S.C. §§ 6694 and/or 6695 or criminal penalty under the Internal Revenue Code, or that the tax return preparer has engaged in other fraudulent or deceptive conduct that substantially interferes with the administration of the internal revenue laws. *See* 26 U.S.C. § 7407(b)(1)(A), (D). As explained above, Lozano continuously and repeatedly prepared federal tax returns that she knew contained inflated, exaggerated, and fictitious deductions and/or credits. She also submitted returns that willfully understated her clients' tax liabilities and overstated their refunds. Lozano also filed federal tax returns using stolen personal identities. She also caused the taxpayer refunds to be transferred into one of several bank accounts that she controlled. Further, Lozano continued her conduct even after pleading guilty to the crimes once while released on bail and awaiting sentencing. Accordingly, Lozano has engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, as well as other fraudulent or deceptive conduct within the meaning of 26 U.S.C. § 7407.

Accordingly, injunctive relief is appropriate. The Court will enjoin Lozano under 26 U.S.C. § 7407 from acting as a federal tax return preparer. A more limited injunction or

other remedies would be insufficient to prevent her from interfering with the proper administration of the internal revenue laws.

### ii. *26 U.S.C. § 7408*

Under 26 U.S.C. § 7408, the Court may enjoin a person from engaging in specified misconduct subject to penalty under 26 U.S.C. § 6701. Section 6701 imposes a penalty on any person who aids or assists in, procures, or advises with respect to, the preparation of any portion of a return, affidavit, claim, or other document, who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

Lozano prepared tax returns with false Schedules C. (Doc. No. 1 ¶ 48.) Lozano lacked corroborative support or any other reasoned basis to include these items in the tax returns. (*Id.*) Further, Lozano had awareness of the above described misconduct. Lozano prepared tax returns that were used in connection with material matters arising under the federal internal revenue laws. (*Id.* ¶ 50.) Accordingly, Lozano engaged in conduct subject to penalty under 26 U.S.C. § 6701 and the Court will permanently enjoin Lozano under 26 U.S.C. § 7408 from further engaging in such conduct.

### iii. *26 U.S.C. § 7402*

Under 26 U.S.C. § 7402(a), this Court is authorized to issue an injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." As described above, Lozano has engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws and is likely to continue to engage in such conduct. The United States asserts that if Lozano is not enjoined, the United States will suffer irreparable injury by erroneously providing tax refunds to persons not entitled to receive them and by taxpayers not reporting and paying the correct amount of taxes. Further, the IRS will have to devote substantial time and resources to identify and locate her clients, and then examine those taxpayers' returns to determine their correct liabilities. Further, the United States asserts that the enjoining Lozano is in the public interest and will

prevent her from harming taxpayers. The Court agrees with the United States. Accordingly, the Court will permanently enjoin Lozano under 26 U.S.C. § 7402 and will order Lozano to furnish it with the identities of those persons for whom she has prepared income tax returns since January 1, 2008.

## **CONCLUSION**

Accordingly, based on the foregoing, the Court **GRANTS** the United States' motion for default judgment and permanent injunction.

**IT IS SO ORDERED**.

Dated: February 25, 2020

Hon. Anthony J. Battaglia
United States District Judge